In the Matter of IRVING FELLER, Doing Business as SPORT GIRL COMPANY, Petitioner. WASHABLE CLOTHING, SPORTSWEAR AND NOVELTY WORKERS LOCAL 189 OF THE AMALGAMATED CLOTHING WORKERS OF AMERICA, et al., Respondents.

Supreme Court, Special Term, New York County, August 2, 1948.

*Osmond K. Fraenkel* for petitioner.

*Robert Szold* and *Phillip I. Blumberg* for respondents.

SCHREIBER, J. This is a motion to stay arbitration proceedings under a collective bargaining agreement between petitioner and respondents. The basis for the motion is petitioner's claim that the agreement violates the Labor Management Relations Act, 1947, commonly known as the Taft-Hartley Act. (U. S. Code, tit. 29, § 151 *et. seq.*)

The notice of the proposed hearing before the impartial chairman states that the arbitration is predicated upon petitioner's alleged refusal to submit his books, " for the purpose of checking figures with a view of obtaining payments to our Sick Benefit and Vacation Holiday Funds from January 1, 1947 to date ". Petitioner maintains, however, that the provisions of the collective agreement calling for payments by him for sick benefits and vacations and holidays are illegal under the Taft-Hartley Act. If this be so, the motion to stay the arbitration must be granted (*Matter of Levinsohn Corp.* [*Cloak, etc., Union*], 273 App. Div. 469, 475; *Matter of Kramer & Uchitelle, Inc.,* 288 N. Y. 467). The contention of respondents that the legality of the provisions in question is for the arbitrators is overruled. As the court said in *Matter of Levinsohn Corp.* (*supra,* p. 475) : "the court will not compel the arbitration of controversies arising out of void provisions in an agreement ".

Respondents take the position that the Taft-Hartley Act does not apply (1) because petitioner is not an employer in interstate or foreign commerce and also (2) because, as they claim, the agreement was entered into prior to the effective date of the statute. As to the first ground an issue of fact is presented which would have to be tried out — *but only if the provisions of the agreement would be illegal under the Taft-Hartley Act, should that act apply.* If the provisions of the agreement are legal under the Taft-Hartley Act, no useful purpose could be served by a preliminary trial as to whether petitioner is engaged in interstate or foreign commerce. As to the second ground, a similar situation is presented. A triable issue is raised as to whether the agreement was entered into in April, 1947, or in December, 1947, *but there is no need for a preliminary trial of that issue if the provisions of the agreement do not violate the Taft-Hartley Act.* Respondents claim that even if the agreement was entered into in December, 1947, it merely continued petitioner's obligations under prior agreements and that therefore no preliminary issue as to the date of the agreement is presented. Whatever may be thought of this contention for the period antedating the execution of the December, 1947, agreement, it is clear that petitioner's obligations after that date must be regarded as originating at the time the agreement was entered into. As the proposed arbitration includes within its scope the period from December, 1947, to April 21, 1948 (the date the notice of hearing was served), it is impossible to avoid a preliminary trial of the issue as to the date when the agree-

ment was entered into, *unless the provisions of the agreement are legal under the Taft-Hartley Act.*

It thus becomes necessary to consider whether the collective agreement contains provisions forbidden by the Taft-Hartley Act. Petitioner contends that the contractual provisions for the payments to the sick benefit fund do not meet the requirements of clause (B) of paragraph (5) of subdivision (c) of section 302 (U. S. Code, tit. 29, § 186, subd. [c], par. [5], cl. [B]). Concededly they do not, but this does not avail petitioner for subdivision (g) of section 302 provides that, " Compliance with the restrictions contained in subsection (c) (5) (B) upon contributions to trust funds, otherwise lawful, shall not be applicable to contributions to such trust funds established by collective agreement prior to January 1, 1946 ". The sick benefit fund of respondents was established long prior to January 1, 1946, and has continued without interruption ever since. Petitioner has been making payments to that fund for some years. It follows that the provisions of the collective agreement between the parties to this proceeding for payments to the sick benefit fund are not prohibited by the Taft-Hartley Act.

A somewhat different situation is presented as to the payments contracted to be made to the vacation-holiday fund. If the fund for the purpose of providing vacations were the same as the fund making provision for sick benefits, the requirement of the contract for contributions by petitioner to that fund would be unquestionably legal, for subdivision (g) of section 302 contains the following language: " nor shall subsection (c) (5) (A) of this section be construed as prohibiting contributions to such trust funds if prior to January 1, 1947, such funds contained provisions for pooled vacation benefits". In the instant case, however, the "pooled vacation benefits " are paid by the vacation and holiday fund while the sick benefits are paid by the benefit fund. The question to be decided is, therefore, whether the vacations benefits, lawful if paid out of the same fund as the sick benefits, become unlawful and criminal if paid out of a separate but closely associated fund. In the court's opinion the answer should be in the negative. Although the liberal wording of the act sanctions contractual contributions by the employer to a vacation fund only if the same fund is also used for sick benefits, it seems exceedingly doubtful that any such requirement was intended by the Congress. There appears to be no good reason for differentiating

between a common fund for sick benefits and vacations, on the one hand, and separate funds for sick benefits and for vacations, on the other hand. As a criminal enactment (see § 302, subd. [d]) the statute should be construed most favorably to those charged with having violated its provisions. An excessively literal construction of subdivision (g) would seem to be both unintended and without good reason to support it.

For the reasons indicated, the court holds that the contractual provisions for contributions to the sick benefit and vacation-holiday funds do not violate the Taft-Hartley Act.

The motion to stay the arbitration is accordingly denied.